B1 (Official Form 1)(04/13)

| UNITED STATES BANKRUPTCY COURT<br>WESTERN DISTRICT OF MISSOURI | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hatfield, Valerie Marie** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **6428** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**607 SW BB Highway**<br>**Centerview, Missouri**<br><br>ZIP CODE **64019** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**JOHNSON** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**721 NE Cedar**<br>**Lee's Summit, Missouri**<br><br>ZIP CODE **64086** | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| [x] Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>[ ] Corporation (includes LLC and LLP)<br>[ ] Partnership<br>[ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business<br>[ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other | [ ] Chapter 7     [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>[ ] Chapter 9<br>[ ] Chapter 11<br>[ ] Chapter 12     [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>[x] Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     [ ] Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| [x] Full Filing Fee attached.<br><br>[ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>[ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>[ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>[ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>[ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>[ ] A plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.<br>[x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Hatfield, Valerie Marie |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **Western District of Missouri** | Case Number: **09-43424** | Date Filed: **July 17, 2009** |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   **s/ Gabriel A. Domjan    July 9, 2015**<br>   Signature of Attorney for Debtor(s)    (Date)<br>   **Bar No.: 27095** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition |
|---|
| *(This page must be completed and filed in every case.)* |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ Valerie Marie Hatfield**
Signature of Debtor    **Valerie Marie Hatfield**

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)
**July 9, 2015**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney\***

X **s/ Gabriel A. Domjan**
Signature of Attorney for Debtor(s)
**Gabriel A. Domjan**
Printed Name of Attorney for Debtor(s)
**Gabriel A. Domjan**
Firm Name

**4971B N.E. Goodview Circle**
**Lee's Summit, Missouri 64064**
Address
**(816) 373-8900**
Telephone Number
**July 9, 2015**
Date
**Bar No.: 27095**
**Fax: (816) 478-4646**
**E-mail: gdomjan@netscape.net**

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**UNITED STATES BANKRUPTCY COURT**
**Western District of Missouri**

In re:    **Valerie Marie Hatfield**

_____
**Debtors**

Case No. _____

Chapter   **13**_____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:   **July 9, 2015**_____

Signed:   **s/ Valerie Marie Hatfield**_____

Dated:   _____

Signed:   _____

B6A (Official Form 6A) (12/07)

In re **Valerie Marie Hatfield,**                                         Case No. _____
                        **Debtor**                                                                          **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Primary Residence - Single Family Home<br><br>607 SW BB Highway, Centerview, MO  64019 | Fee Simple Ownership | | $95,000.00 | $89,000.00 |
| | | Total ▶ | $95,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **Valerie Marie Hatfield,** _____   Case No. _____
                      **Debtor**                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | | $20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of the West, Lee's Summit, Mo.  Checking account xxxxxxxxx1354 | | $125.00 |
| | | Bank of the West, savings accounts for children in children's namea | | $90.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Couch, television, television stand, DVD/VCR player, sofa, Christmas tree, stove, refrigerator, microwave, toaster, mixer, silverware, table, 4 chairs, dishes, pots, pans, glasses, small appliances, dining room table and 6 chairs, hutch, end table, bed, dresser, vanity, television, bunk beds, desk, 3 dressers, night stand, computer, lap top, printer, office supplies, pens and paper, bookshelves, fiing cabinet, tablet, 2 old computers, lawn mower (engine broken), hand tools, weed eater, fencing material | | $2,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothes | | $200.00 |
| 7. Furs and jewelry. | | earrings, ring, miscellaneous costume jewelry | | $500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **Valerie Marie Hatfield,**_____    Case No. _____
                       **Debtor**                                                (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **Valerie Marie Hatfield,** _____     Case No. _____
_____ Debtor                                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Chevrolet Silverado, 313000 miles | | $1,500.00 |
| | | Trailer | | $250.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Chicken supplies | | $100.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | | chickens | | $400.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B 6B  (Official Form 6B) (12/2007)

**In re** **Valerie Marie Hatfield,**_____     **Case No.** _____
                            **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | Income tax refund (estimated) | | $1,200.00 |

<u>3</u> continuation sheets attached      Total ▶
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

$6,885.00

B6C (Official Form 6C) (04/13)

In re  Valerie Marie Hatfield,                                          Case No. _____
   **Debtor**                       **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                   $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☒ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Primary Residence - Single Family Home | RSMo § 513.475(1) | $6,000.00 | $95,000.00 |
| Cash on hand | RSMo § 513.430.1(3) | $20.00 | $20.00 |
| Bank of the West, Lee's Summit, Mo.  Checking account xxxxxxxxx1354 | RSMo § 513.430.1(3) | $125.00 | $125.00 |
| Couch, television, television stand, DVD/VCR player, sofa, Christmas tree, stove, refrigerator, microwave, toaster, mixer, silverware, table, 4 chairs, dishes, pots, pans, glasses, small appliances, dining room table and 6 chairs, hutch, end table, bed, dresser, vanity, television, bunk beds, desk, 3 dressers, night stand, computer, lap top, printer, office supplies, pens and paper, bookshelves, fiing cabinet, tablet, 2 old computers, lawn mower (engine broken), hand tools, weed eater, fencing material | RSMo § 513.430.1(1) | $2,500.00 | $2,500.00 |
| Clothes | RSMo § 513.430.1(1) | $200.00 | $200.00 |
| earrings, ring, miscellaneous costume jewelry | RSMo § 513.430.1(2) | $500.00 | $500.00 |
| 2004 Chevrolet Silverado, 313000 miles | RSMo § 513.430.1(5) | $1,500.00 | $1,500.00 |
| chickens | RSMo § 513.440 | $400.00 | $400.00 |
| Chicken supplies | RSMo § 513.430.1(3) | $100.00 | $100.00 |
| Income tax refund (estimated) | RSMo § 513.440 | $1,200.00 | $1,200.00 |
| Trailer | RSMo § 513.440 | $250.00 | $250.00 |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

**In re** **Valerie Marie Hatfield** _____ , Case No. _____
           **Debtor**                                                          **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2791** **Rushmore Loan Management Services** P.O. Box 52708 Irvine, CA 92619 | | | 6/1/2008 **First Mortgage** **Homoestead located at 607 SW BB Hwy, Centerview, MO 64019** VALUE $ **$95,000.00** | | | | **$89,000.00** | |
| Additional Contacts for Rushmore Loan Management Services (2791): **Millsap & Singer PC** 612 Spirit Drive St. Louis, MO 63005 **Christian Trust** 500 Delaware Ave. 11th Floor Wilmington, DE 19801 | | | | | | | | |

___**0**___ continuation sheets attached

Subtotal ► (Total of this page)

| | |
|---|---|
| $ **89,000.00** | $ **0.00** |

Total ► (Use only on last page)

| | |
|---|---|
| $ **89,000.00** | $ **0.00** |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

**In re** <u>Valerie Marie Hatfield</u>                    ,          Case No. _____
                                    Debtor                                                                      *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

**X** Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u>**0**</u> continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re **Valerie Marie Hatfield**_____, Case No. _____
                              Debtor                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   0826<br><br>**US Department of Education**<br>**501 Bleecker St.**<br>**Utica, NY 13501** | | | **6/1/2005**<br><br>**Student Loan** | | | | $28,864.00 |
| Additional Contacts for US Department of Education (0826):<br><br>**US Attorney**<br>**Room 5510, U.S. Courthouse**<br>**400 East 9th Street**<br>**Kansas City, MO 64106** | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Subtotal▶ | $ | **28,864.00**

___0___ continuation sheets attached

Total▶ | $ | **28,864.00**

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **Valerie Marie Hatfield,**_____     Case No. _____
                          **Debtor**                                      **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

**In re** **Valerie Marie Hatfield,** _____     **Case No.** _____
                                                                                      **(if known)**
                       **Debtor**

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Valerie Marie Hatfield** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for: | **Western District of Missouri** |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may Include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☒ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | | |
| Employer's name | | | |
| Employer's address | | | |
| | | Number    Street | Number    Street |
| | | **\*\*\*Debtor employer state RMC\*\*\*** | |
| | | City           State    ZIP Code | City           State    ZIP Code |
| How long employed there? | | _____ | _____ |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 0.00 |
| 3. **Estimate and list monthly overtime pay.** | 3. | + $ 0.00 | + $ 0.00 |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. | $ 0.00 | $ 0.00 |

Debtor 1    **Valerie Marie Hatfield**

First Name        Middle Name        Last Name

Case number *(if known)*_____

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ..................................................... → 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ 0.00 | + $ 0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 0.00 | $ 0.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,364.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 60.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: Food stamps | 8f. | $ 536.00 | $ 0.00 |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $ 0.00 | + $ 0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 1,960.00 | $ 0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,960.00 + | $ 0.00 = | $ 1,960.00 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ 1,960.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☐ Yes. Explain:

_____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Valerie Marie Hatfield** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for : | **Western District of Missouri** | | |
| Case number (If known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☒ No.  Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☒ No
       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☒ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Son** | **9** | ☐ No ☒ Yes |
| **Son** | **8** | ☐ No ☒ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☒ No
   ☐ Yes

## Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

| | | | **Your expenses** |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ 0.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. | $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. | $ 120.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ 20.00 |
| 4d. | Homeowner's association or condominium dues | 4d. | $ 0.00 |

Debtor 1    **Valerie Marie Hatfield**
First Name    Middle Name    Last Name

Case number (*if known*)_____

| | **Your expenses** |
|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5.    $ **0.00**

6. **Utilities:**

   6a.   Electricity, heat, natural gas    6a.    $ **150.00**

   6b.   Water, sewer, garbage collection    6b.    $ **0.00**

   6c.   Telephone, cell phone, Internet, satellite, and cable services    6c.    $ **230.00**

   6d.   Other. Specify: _____    6d.    $ **0.00**

7. **Food and housekeeping supplies**    7.    $ **536.00**

8. **Childcare and children's education costs**    8.    $ **0.00**

9. **Clothing, laundry, and dry cleaning**    9.    $ **80.00**

10. **Personal care products and services**    10.    $ **30.00**

11. **Medical and dental expenses**    11.    $ **10.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments.    12.    $ **120.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.    $ **80.00**

14. **Charitable contributions and religious donations**    14.    $ **0.00**

15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.

    15a.   Life insurance    15a.    $ **0.00**

    15b.   Health insurance    15b.    $ **0.00**

    15c.   Vehicle insurance    15c.    $ **85.00**

    15d.   Other insurance. Specify:_____    15d.    $ **0.00**

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: **Personal Property**_____    16.    $ **20.00**

17. **Installment or lease payments:**

    17a.   Car payments for Vehicle 1    17a.    $ **0.00**

    17b.   Car payments for Vehicle 2    17b.    $ **0.00**

    17c.   Other. Specify:_____    17c.    $ _____

    17d.   Other. Specify:_____    17d.    $ _____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
    from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).**    18.    $ **0.00**

19. **Other payments you make to support others who do not live with you.**
    Specify:_____    19.    $ **0.00**

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

    20a.   Mortgages on other property    20a.    $ **0.00**

    20b.   Real estate taxes    20b.    $ **0.00**

    20c.   Property, homeowner's, or renter's insurance    20c.    $ **0.00**

    20d.   Maintenance, repair, and upkeep expenses    20d.    $ **0.00**

    20e.   Homeowner's association or condominium dues    20e.    $ **0.00**

Debtor 1   **Valerie Marie Hatfield**

First Name        Middle Name              Last Name

Case number (*if known*)_____

21.  **Other**. Specify: _____   21.   +$ __0.00_____

22.  **Your monthly expenses.** Add lines 4 through 21.               22.   $ __1,481.00_____
     The result is your monthly expenses.

23.  **Calculate your monthly net income.**

23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.   23a.   $ __1,960.00_____

23b.  Copy your monthly expenses from line 22 above.                 23b.   − $ __1,481.00_____

23c.  Subtract your monthly expenses from your monthly income.        23c.   $ __479.00_____
      The result is your *monthly net income*.

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ☒  No.
     ☐  Yes.    | Explain here:
                |

B 6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
## ____ WESTERN DISTRICT OF MISSOURI

In re **Valerie Marie Hatfield_____** ,                    Case No. _____

*Debtor*

Chapter **13_____**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $    95,000.00 | | |
| B - Personal Property | | | $     6,885.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $    89,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $        0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $    28,864.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $     1,960.00 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $     1,481.00 |
| TOTAL | | 0 | $  101,885.00 | $  117,864.00 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF MISSOURI

In re **Valerie Marie Hatfield**_____,        Case No. _____
                    *Debtor*

                                                Chapter **13**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $            0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $            0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $            0.00 |
| Student Loan Obligations (from Schedule F) | $      28,864.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $            0.00 |
| TOTAL | $      28,864.00 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $        1,960.00 |
| Average Expenses (from Schedule J, Line 22) | $        1,481.00 |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14) | $        1,414.00 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $            0.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $            0.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $            0.00 |
| 4.  Total from Schedule F | | $      28,864.00 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $      28,864.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Valerie Marie Hatfield** _____ , Case No. _____
                          **Debtor**                                                                 **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **July 9, 2015** _____         Signature: **s/ Valerie Marie Hatfield** _____
                                                                      **Valerie Marie Hatfield** Debtor

Date _____                Signature: _____
                                                                         (Joint Debtor, if any)

                                                      [If joint case, both spouses must sign.]

--------------------------------------------------------------------------------------------------
    **DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____            _____
Printed or Typed Name and Title, if any,               Social Security No.
of Bankruptcy Petition Preparer                          *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____            _____
  Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
----------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                          Signature: _____

                                                    _____
                                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
----------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF MISSOURI

In re  Valerie Marie Hatfield _____     Case No. _____
                    Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed*.

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of:

❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  s/ Valerie Marie Hatfield _____

Date: July 9, 2015 _____

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF MISSOURI

In re: Valerie Marie Hatfield _____     Case No _____
                                         Debtor                                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|         AMOUNT         |         SOURCE         |
|------------------------|------------------------|

Debtor:
|  Current Year (2015): | |
|  $8,181.00 | Self-employment |

|  Previous Year 1 (2014): | |
|  $24,622.00 | Self-employment |

|  Previous Year 2 (2013): | |
|  $10,462.00 | Self-employment |

Spouse:
   N/A

**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|         AMOUNT         |         SOURCE         |
|------------------------|------------------------|

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of

☒   goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:
Spouse:
N/A

None
☒   *b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225\*. If the debtor is an individual, indicate with an asterisk (\*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒   c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one**

---

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

☒ **year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | | DESCRIPTION |
|---|---|---|
| OF PERSON FOR WHOSE | DATE OF | AND VALUE |
| BENEFIT PROPERTY WAS SEIZED | SEIZURE | OF PROPERTY |

---

**5. Repossessions, foreclosures and returns**

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | DATE OF REPOSSESSION, | |
|---|---|---|
| NAME AND ADDRESS | FORECLOSURE SALE, | DESCRIPTION |
| OF CREDITOR OR SELLER | TRANSFER OR RETURN | AND VALUE |
| | | OF PROPERTY |

---

**6. Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | | TERMS OF |
|---|---|---|
| NAME AND ADDRESS | DATE OF | ASSIGNMENT |
| OF ASSIGNEE | ASSIGNMENT | OR SETTLEMENT |

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | NAME AND LOCATION | | DESCRIPTION |
|---|---|---|---|
| NAME AND ADDRESS | OF COURT | DATE OF | AND VALUE |
| OF CUSTODIAN | CASE TITLE & NUMBER | ORDER | OF PROPERTY |

---

**7. Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None ☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☒

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10. Other transfers**

None ☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| Debtor:<br>Judith Hatfield<br>721 Cedar<br>Lee's Summit, Missouri 64086 | horses<br>$1,000.00 | 607 SW BB Highway, Centerview, MO  64019 |

Spouse:
N/A

---

**15. Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                          NAME USED                          DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME                 NAME AND ADDRESS           DATE OF        ENVIRONMENTAL
AND ADDRESS               OF GOVERNMENTAL UNIT        NOTICE         LAW

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME                 NAME AND ADDRESS           DATE OF        ENVIRONMENTAL
AND ADDRESS               OF GOVERNMENTAL UNIT        NOTICE         LAW

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☒

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☒

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

None
☒

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                        DATES SERVICES RENDERED

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                        ADDRESS

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

**20. Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |
| DATE OF INVENTORY | INVENTORY SUPERVISOR |  |

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |
| DATE OF INVENTORY |  |

**21. Current Partners, Officers, Directors and Shareholders**

None ☒  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

    NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ☒  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                              NATURE AND PERCENTAGE
    NAME AND ADDRESS        TITLE                OF STOCK OWNERSHIP

---

**22. Former partners, officers, directors and shareholders**

None ☒  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

    NAME                ADDRESS            DATE OF WITHDRAWAL

None ☒  b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

    NAME AND ADDRESS           TITLE           DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☒  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

    NAME & ADDRESS                              AMOUNT OF MONEY
    OF RECIPIENT,            DATE AND PURPOSE        OR DESCRIPTION
    RELATIONSHIP TO DEBTOR    OF WITHDRAWAL         AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**

None ☒  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

    NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  July 9, 2015 _____   Signature
                                             of Debtor      s/ Valerie Marie Hatfield _____

                                             Signature of
                                             Joint Debtor
Date _____        (if any)      _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 1C (Official Form 1, Exhibit C) (9/01)
*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

In re  Valerie Marie Hatfield,_____ )    Case No. _____
                Debtor                      )
                                                     )
                                                   )    Chapter  13 _____

## EXHIBIT "C" TO VOLUNTARY PETITION

     1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

     2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**Fill in this information to identify your case:**

Debtor 1   **Valerie Marie Hatfield**
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for :   **WESTERN DISTRICT OF MISSOURI**
(State)

Case number
(If known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☒ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☒ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 22C–1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
| --- | --- |

1. **What is your marital and filing status?** Check one only.

   ☒ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |
| 5. | **Net income from operating a business, profession, or farm** | | |

5.
| | | | |
| --- | --- | --- | --- |
| Gross receipts (before all deductions) | $ 1,669.00 | | |
| Ordinary and necessary operating expenses | – $ 305.00 | | |
| Net monthly income from a business, profession, or farm | $ 1,364.00 | Copy here ➔ $ 1,364.00 | $ |

6. **Net income from rental and other real property**

| | | | |
| --- | --- | --- | --- |
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | – $ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here ➔ $ 0.00 | $ |

Debtor 1    **Valerie Marie Hatfield**
First Name    Middle Name    Last Name       Case number *(if known)*_____

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $_____ |
| 8. **Unemployment compensation** | $ 0.00 | $_____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ...................................↓

For you.................................................................. $_____
For your spouse ....................................................... $_____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.      $ 0.00     $_____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

| | | |
|---|---|---|
| 10a. **Sporadic child support** | $ 50.00 | $_____ |
| 10b. _____ | $_____ | $_____ |
| 10c. Total amounts from separate pages, if any. | + $ 0.00 | + $_____ |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.     $ 1,414.00  +  $_____  =  $ 1,414.00

**Total average monthly income**

---

**Part 2:**    Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.** ........................................................    $ 1,414.00

13. **Calculate the marital adjustment.** Check one:

☒ You are not married. Fill in 0 in line 13d.

☐ You are married and your spouse is filing with you. Fill in 0 in line 13d.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

In lines 13a-c, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 on line 13d.

| | | |
|---|---|---|
| 13a. _____ | $_____ | |
| 13b. _____ | $_____ | |
| 13c. _____ | + $_____ | |
| 13d. Total .................................................... | $ 0.00 | Copy here. ➤ 13d. — 0.00 |

14. **Your current monthly income.** Subtract line 13d from line 12.     14.    $ 1,414.00

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➤ ........................................................................................    15a.    $ 1,414.00

Multiply line 15a by 12 (the number of months in a year).     x  12

15b. The result is your current monthly income for the year for this part of the form.     15b.    $ 16,968.00

---

Debtor 1    **Valerie Marie Hatfield**
   First Name   Middle Name    Last Name

Case number *(if known)*_____

16. **Calculate the median family income that applies to you.** Follow these steps:

 16a. Fill in the state in which you live.     **MO**

 16b. Fill in the number of people in your household.    **3**

 16c. Fill in the median family income for your state and size of household.................................................................16c.   $ **62,110.00**
   To find a list of applicable median income amounts, go online using the link specified in the separate
   instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

 17a. ☒ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C.*
   *§ 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 22C–2).

 17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C.*
   *§ 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 22C–2).** On line 39 of that form, copy
   your current monthly income from line 14 above.

| **Part 3:** | **Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4)** |
|---|---|

18. **Copy your total average monthly income from line 11.** ..........................................................................18.   $ **1,414.00**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend
 that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's
 income, copy the amount from line 13d.
 If the marital adjustment does not apply, fill in 0 on line 19a.           19a.  – $ **0.00**

 **Subtract line 19a from line 18.**                  19b.   $ **1,414.00**

20. **Calculate your current monthly income for the year.** Follow these steps:

 20a. Copy line 19b...........................................................................................................................20a.   $ **1,414.00**

   Multiply by 12 (the number of months in a year).            **x  12**

 20b. The result is your current monthly income for the year for this part of the form.    20b.   $ **16,968.00**

 20c. Copy the median family income for your state and size of household from line 16c. ......................    $ **62,110.00**

21. **How do the lines compare?**

 ☒ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is
  3 years.* Go to Part 4.

 ☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form,
  check box 4, *The commitment period is 5 years.* Go to Part 4.

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

✗ **s/ Valerie Marie Hatfield**           ✗ _____
 Signature of Debtor 1              Signature of Debtor 2

Date **07/09/2015**            Date _____
 MM / DD   / YYYY             MM / DD   / YYYY

If you checked 17a, do NOT fill out or file Form 22C–2.

If you checked 17b, fill out Form 22C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Valerie Marie Hatfield** |
| | First Name       Middle Name       Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name       Middle Name       Last Name |
| United States Bankruptcy Court for : | **WESTERN DISTRICT OF MISSOURI** |
| | (State) |
| Case number | |
| (If known) | |

❑ Check if this is an amended filing

## Official Form 22C–2

# Chapter 13 Calculation of Your Disposable Income      12/14

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 22C–1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Deductions from Your Income |
|---|---|

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 22C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 22C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   **3**

**National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.      $_____

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

Debtor 1    **Valerie Marie Hatfield**

First Name    Middle Name    Last Name

Case number (*if known*)_____

**People who are under 65 years of age**

7a. Out-of-pocket health care allowance per person    $_____

7b. Number of people who are under 65    X _____

7c. Subtotal. Multiply line 7a by line 7b.    $_____    **Copy line 7c here** ➔    $_____

**People who are 65 years of age or older**

7d. Out-of-pocket health care allowance per person    $_____

7e. Number of people who are 65 or older    X _____

7f. Subtotal. Multiply line 7d by line 7e.    $_____    **Copy line 7f here** ➔    + $_____

7g. **Total**. Add lines 7c and 7f. ...........................................................    $_____    **Copy total here** ➔ ......... 7g.    $_____

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- **Housing and utilities – Insurance and operating expenses**
- **Housing and utilities – Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8.    **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.    $_____

9.    **Housing and utilities – Mortgage or rent expenses:**

9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.    $_____

9b. Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | + $_____ |

9b.Total average monthly payment ........................    $_____    **Copy line 9b here** ➔    – $_____    Repeat this amount on line 33a.

9c. Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.    $_____    **Copy 9c here** ➔    $_____

10.    **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $_____

Explain why: _____

_____

Debtor 1    **Valerie Marie Hatfield**                      Case number *(if known)*_____

First Name    Middle Name    Last Name

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

☐ 1. Go to line 12.

☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.  $_____

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1**    **Describe Vehicle 1:** _____

13a. Ownership or leasing costs using IRS Local Standard     13a.    $_____

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
| --- | --- |
| _____ | $_____ |

**Copy13b here** ➔   – $_____     Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. If this number is less than $0, enter $0.   13c.   $_____    **Copy net Vehicle 1 expense here** ➔   $_____

**Vehicle 2**    **Describe Vehicle 2:** _____

13d. Ownership or leasing costs using IRS Local Standard     13d.    $_____

13e. Average monthly payment for all debts secured by Vehicle 2.

Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
| --- | --- |
| _____ | $_____ |

**Copy here** ➔   – $_____     Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from 13d. If this number is less than $0, enter $0.   13f.   $_____    **Copy net Vehicle 2 expense here** ➔   $_____

14. **Public transportation expense**: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.  $_____

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.  $_____

---

Debtor 1    **Valerie Marie Hatfield**
First Name    Middle Name    Last Name    Case number *(if known)*_____

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.    $_____

   Do not include real estate, sales, or use taxes.

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

   Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    $_____

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.

   Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.    $_____

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.    $_____

   Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

20. **Education:** The total monthly amount that you pay for education that is either required:
   ■ as a condition for your job, or
   ■ for your physically or mentally challenged dependent child if no public education is available for similar services.    $_____

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
   Do not include payments for any elementary or secondary school education.    $_____

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.    $_____

   Payments for health insurance or health savings accounts should be listed only in line 25.

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.    + $_____

   Do not include payments for basic home telephone, internet or cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Form 22C-1, or any amount you previously deducted.

24. **Add all of the expenses allowed under the IRS expense allowances.**
   Add lines 6 through 23.    $_____

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test.
*Note:* Do not include any expense allowances listed in lines 6-24. |
|---|---|

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

   Health insurance    $_____

   Disability insurance    $_____

   Health savings account    + $_____

   Total    $_____    **Copy total here➔** ............................................................    $_____

   Do you actually spend this total amount?

   ☐ No. How much do you actually spend?
   ☐ Yes    $_____

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.    $_____

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.    $_____

   By law, the court must keep the nature of these expenses confidential.

Debtor 1   **Valerie Marie Hatfield**
First Name        Middle Name              Last Name

Case number *(if known)*_____

28. **Additional home energy costs.** Your home energy costs are included in your non-mortgage housing and utilities allowance on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in the non-mortgage housing and utilities allowance, then fill in the excess amount of home energy costs.      $_____

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $156.25* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.      $_____

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

\* Subject to adjustment on 4/01/16, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.      $_____

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)3 and (4).      + _____

Do not include any amount more than 15% of your gross monthly income.

32. **Add all of the additional expense deductions.**      $_____
Add lines 25 through 31.

---

### Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33g.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

|  | Average monthly payment |
|---|---|
| **Mortgages on your home** |  |
| 33a. Copy line 9b here ............................................................... ➜ | $_____ |
| **Loans on your first two vehicles** |  |
| 33b. Copy line 13b here. ............................................................... ➜ | $_____ |
| 33c. Copy line 13e here. ............................................................... ➜ | $_____ |

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| 33d. _____ _____ | ☐ No ☐ Yes | $_____ |
| 33e. _____ _____ | ☐ No ☐ Yes | $_____ |
| 33f. _____ _____ | ☐ No ☐ Yes | + $_____ |
| 33g. Total average monthly payment. Add lines 33a through 33f................................ | | $_____ | **Copy total here** ➜ $_____ |

Debtor 1    **Valerie Marie Hatfield**_____    Case number *(if known)*_____
 First Name      Middle Name       Last Name

---

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

 ☐ No.  Go to line 35.
 ☐ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | $_____ ÷ 60 = | | $_____ |
| _____ | _____ | $_____ ÷ 60 = | | $_____ |
| _____ | _____ | $_____ ÷ 60 = | | + $_____ |

Total  $_____  **Copy total here** ➤    $_____

35. **Do you owe any priority claims—such as a priority tax, child support, or alimony— that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

 ☒ No.  Go to line 36.
 ☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

 Total amount of all past-due priority claims. ...........................................    $_____ ÷ 60    $_____

36. **Projected monthly  Chapter 13 plan payment**    $_____

 Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).

 To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.    x **%**_____

 Average monthly administrative expense    $_____  **Copy total here** ➤    $_____

37. **Add all of the deductions for debt payment.** Add lines 33g through 36.    $_____

---

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

 Copy line 24, *All of the expenses allowed under IRS expense allowances*........................    $_____

 Copy line 32, *All of the additional expense deductions*....................................    $_____

 Copy line 37, *All of the deductions for debt payment*........................................    + $_____

 Total deductions    $_____  **Copy total here** ➤    $_____

---

Debtor 1    **Valerie Marie Hatfield**                                          Case number (*if known*)_____
First Name      Middle Name      Last Name

| Part 2: | Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2) |
|---|---|

39. **Copy your total current monthly income** from line 14 of Form 22C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.* ........................................... $_____

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 22C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child. ........ $_____

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19). ........ $_____

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here ................ ➡ $_____

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| 43a. _____ | $_____ |
| 43b. _____ | $_____ |
| 43c. _____ | + $_____ |

43d. **Total**. Add lines 43a through 43c...................................   $_____   **Copy 43d here** ➡   + $_____

44. **Total adjustments.** Add lines 40 through 43d ...................................................... ➡  $_____  **Copy total here** ➡  − $_____

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.   $_____

| Part 3: | Change in Income or Expenses |
|---|---|

46. **Change in income or expenses.** If the income in Form 22C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 22C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 22C–1 ☐ 22C–2 | _____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |
| ☐ 22C–1 ☐ 22C–2 | _____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |
| ☐ 22C–1 ☐ 22C–2 | _____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |
| ☐ 22C–1 ☐ 22C–2 | _____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |

Debtor 1    **Valerie Marie Hatfield**_____    Case number (*if known*)_____
First Name    Middle Name    Last Name

| Part 4: | Sign Below |
|---------|-----------|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

✖ **s/ Valerie Marie Hatfield**_____    ✖ _____
Signature of Debtor 1    Signature of Debtor 2

Date **07/09/2015**_____    Date _____
MM / DD / YYYY    MM / DD / YYYY

B 203
(12/94)

# United States Bankruptcy Court

## WESTERN DISTRICT OF MISSOURI

In re

**Valerie Marie Hatfield**

Case No. _____

**Debtor**

Chapter **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,500.00** _____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00** _____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,500.00** _____

2. The source of the compensation paid to me was:

   [X] Debtor        [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [X] Debtor        [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ --------------

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Adversary proceedings**

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**July 9, 2015**
_____
*Date*

_____
**s/ Gabriel A. Domjan**
**Gabriel A. Domjan**
*Signature of Attorney*

_____
**Gabriel A. Domjan**
*Name of law firm*

**UNITED STATES BANKRUPTCY COURT**
**Western District of Missouri**

In re:  **Valerie Marie Hatfield**                                    Case No.  _____

                                                                        Chapter  **13**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business

operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

   1.  Gross Income For 12 Months Prior to Filing:                $ **20,030.00** _____

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

   2.  Gross Monthly Income:                                                           $ **1,669.00** _____

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

   3.  Net Employee Payroll (Other Than Debtor)                $ _____
   4.  Payroll Taxes                                                            **N/A** _____
   5.  Unemployment Taxes                                               _____
   6.  Worker's Compensation                                          _____
   7.  Other Taxes                                                           _____
   8.  Inventory Purchases (Including raw  materials)           _____
   9.  Purchase of Feed/Fertilizer/Seed/Spray                   _____
  10.  Rent (Other than debtor's principal residence)           _____
  11.  Utilities                                                              _____
  12.  Office Expenses and Supplies                              **5.00** _____
  13.  Repairs and Maintenance                                    _____
  14.  Vehicle Expenses                                             _____
  15.  Travel and Entertainment                                 **3.00** _____
  16.  Equipment Rental and Leases                             _____
  17.  Legal/Accounting/Other Professional Fees          **104.00** _____
  18.  Insurance                                                          _____
  19.  Employee Benefits (e.g., pension, medical, etc.)      _____
  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
         Pre-Petition Business Debts (Specify):

                                                                            _____

  21.  Other (Specify):

    **Bad debts**                                               **28.00** _____

  22.  Total Monthly Expenses (Add items 3 - 21)        **See Attachment 1**      $ **154.00** _____

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

  23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)        $ **1,515.00** _____

# Addendum

**Attachment 1**

> **Expense: Bank charges**
> **Amount: 14.00**

FB 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny

your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# UNITED STATES BANKRUPTCY COURT

### WESTERN DISTRICT OF MISSOURI

In re  **Valerie Marie Hatfield**

_____          Case No. _____

Debtor

Chapter **13**_____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____          _____

Printed name and title, if any, of Bankruptcy Petition Preparer          Social Security number (If the bankruptcy petition
Address:                                                                  preparer is not an individual, state the Social Security
                                                                          number of the officer, principal, responsible person, or
                                                                          partner of the bankruptcy petition preparer.)  (Required
X_____                                by 11 U.S.C. § 110.)

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Valerie Marie Hatfield**_____          X **s/ Valerie Marie Hatfield**          **July 9, 2015**

Printed Name(s) of Debtor(s)                             Signature of Debtor                Date

Case No. (if known) _____          X **s/**                              **July 9, 2015**

                                                   Signature of Joint Debtor (if any)      Date

_____

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B283  (Form 283) (04/13)

# UNITED STATES BANKRUPTCY COURT

### WESTERN DISTRICT OF MISSOURI
_____

**In re**

__**Valerie Marie Hatfield**_____          **Case No.** _____

               **Debtor**

## CHAPTER 13 DEBTOR'S CERTIFICATIONS REGARDING
## DOMESTIC SUPPORT OBLIGATIONS AND SECTION 522(q)

*Part I.  Certification Regarding Domestic Support Obligations (check no more than one)*

> Pursuant to 11 U.S.C. Section 1328(a), I certify that:

☒       I owed no domestic support obligation when I filed my bankruptcy petition, and I have not been required to pay any such obligation since then.

☐       I am or have been required to pay a domestic support obligation.  I have paid all such amounts that my chapter 13 plan required me to pay.  I have also paid all such amounts that became due between the filing of my bankruptcy petition and today.

*Part II.  If you checked the second box, you must provide the information below.*

> My current address: _____

> My current employer and my employer's
> address:_____

_____

*Part III.  Certification Regarding Section 522(q) (check no more than one)*

> Pursuant to 11 U.S.C. Section 1328(h), I certify that:

☒       I have not claimed an exemption pursuant to § 522(b)(3) and state or local law (1) in property that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $155,675* in value in the aggregate.

☐       I have claimed an exemption in property pursuant to § 522(b)(3) and state or local law (1) that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $155,675* in value in the aggregate.

*\*Amounts are subject to adjustment on 4/01/16, and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

*Part IV.  Debtor's Signature*

       I certify under penalty of perjury that the information provided in these certifications is true and correct to the best of my knowledge and belief.

Executed on **July 9, 2015**           **s/ Valerie Marie Hatfield**
               Date                                 Debtor

# UNITED STATES BANKRUPTCY COURT
## Western District of Missouri

## STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

      Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Bankruptcy Administrator has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of -
      (1) the potential consequences of seeking a discharge in bankruptcy,
          including the effects on credit history;
      (2) the effect of receiving a discharge of debts in bankruptcy;
      (3) the effect of reaffirming a debt; and
      (4) your ability to file a petition under a different chapter of the Bankruptcy
          Code.
      There are many other provisions of the Bankruptcy Code that may affect your situation. This statement contains only general principles of law and is not a substitute for legal advice. If you have any questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

      The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed in your bankruptcy schedules. A discharge is a court order that says that you do not have to repay your debts, but there are a number of exceptions. Debts which usually may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; debts which were not listed in your bankruptcy schedules; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to repay debts which have been discharged. You can only receive a chapter 7 discharge once every eight (8) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

      The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy. There are exceptions to this general statement. See your lawyer if you have questions.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

      After you file your bankruptcy petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court sixty (60) days after the first meeting of creditors.
      Reaffirmation agreements are strictly voluntary. They are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt. This is particularly true when property you wish to retain is collateral for a debt.
      Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues an order of discharge or within sixty (60) days after you filed the reaffirmation agreement with the court, whichever is later.
      If you reaffirm a debt and fail to make the payments as required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any deficiency. In addition, creditors may seek other remedies, such as garnishment of wages.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtors must pay the chapter 13 trustee the amount set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

By signing below, I/we acknowledge that I/we have received a copy of this document, and that I/we have had an opportunity to discuss the information in this document with an attorney of my/our choice.

Date **July 9, 2015**

**s/ Valerie Marie Hatfield**
**Valerie Marie Hatfield**

## WRITTEN NOTICE REQUIRED UNDER SECTION 527(a)(2)

All information that you are required to provide with a petition and thereafter during a case under title 11 ("Bankruptcy") of the United States Code is required to be complete, accurate, and truthful.

All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in title 11 United States Code section 506 must be stated in those documents where requested after reasonable inquiry to establish such value.

Current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of title 11, disposable income (determined in accordance with section 707(b)(2)), are required to be stated after reasonable inquiry.

Information that you provide during your case may be audited pursuant to title 11. Failure to provide such information may result in dismissal of the case under title 11 or other sanction, including criminal sanctions.

Date   **July 9, 2015**                                **s/ Valerie Marie Hatfield**

                                                       **Valerie Marie Hatfield**
                                                       Debtor


                                                       _____

                                                       Joint Debtor


                                                       **s/ Gabriel A. Domjan**

                                                       **Gabriel A. Domjan**
                                                       Attorney for Debtor(s)